[Crim. No. 264. First Appellate District.—December 28, 1910.]

## THE PEOPLE, Respondent, v. E. DISPERATI, Appellant.

CRIMINAL LAW—GRAND LARCENY OF LIVESTOCK—IMPROPER CONVICTION —SUBSEQUENT RECEPTION AND SALE OF STOLEN PROPERTY.—A defendant accused of grand larceny of livestock, who is shown to have had no connection with the original taking thereof, nor to have aided or assisted therein, but who wholly subsequent to the taking received the stolen property in the county of the taking, and transported the same to another county in which he sold the same, cannot be convicted of grand larceny either in the county of the taking nor in the county of the sale, but can only be punished under sec-

tion 496 of the Penal Code for receiving and selling personal property knowing the same to have been stolen.

ID.—SELLING STOLEN PROPERTY WITH INTENT TO DEFRAUD OWNER.—The subsequent sale of the stolen property by the receiver thereof, with intent to defraud the owner of its value, does not make the receiver guilty of the crime of grand larceny.

ID.—ESSENTIAL ELEMENTS OF LARCENY.—In order to constitute the crime of larceny, it is essential that the accused should have taken or aided and abetted in taking the property from the possession of the owner. No subsequent connection with the property can make one guilty of theft who had no connection with the original taking.

ID.—CONFLICTING EVIDENCE—DUTY OF COURT TO INSTRUCT JURY FULLY. Even if there had been some evidence tending to connect defendant with the original taking, yet in case of conflicting evidence tending to show only the reception and disposition of stolen goods, it would be the duty of the court to instruct the jury that the defendant was not on trial for receiving stolen property, and that unless they were satisfied that he was actually concerned in the commission of the larceny, or not being present advised and encouraged its commission, they should find the defendant not guilty.

ID.—VENUE OF CRIME OF RECEIVING STOLEN PROPERTY.—Receiving stolen property is not one of the crimes which may be tried in any county to which the receiver thereafter removes the same, under section 786 of the Civil Code, and the defendant should be indicted for receiving the stolen property in the county where he received the same.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Robert L. Hargrove, W. D. Crichton, and W. D. Foote, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was informed against for the crime of grand larceny. Upon his trial he was found guilty as charged, and sentenced to imprisonment for the term of seven years. He prosecutes this appeal from the judgment.

It appears from the record that the property stolen was certain livestock belonging to Miller & Lux in the county of Madera, and that this is the second prosecution of defendant arising out of that transaction. The first trial was had in

Madera county, and the defendant was convicted, but upon appeal to the district court of appeal of the third district the judgment was reversed and the cause remanded for a new trial. Thereafter the prosecution of defendant in that county was abandoned, and an information was filed against him in Fresno county, on the theory that after he had committed the larceny in Madera county he removed the stolen property to the county of Fresno.

The evidence in the case shows that the defendant neither took nor assisted in the taking of the property from the possession of the owner, but that subsequent to the perpetration of the larceny he received it, and later sold it to one Rosconi, and was instrumental in transferring it from Madera, where he had kept it, to Fresno county where Rosconi lived. Aside from the possession of property recently stolen (which of itself in this state is not sufficient to justify a conviction) there is nothing in the case to show that the defendant was guilty of grand larceny unless, as claimed by the attorney general, the crime was committed by defendant when he sold the stock to Rosconi. The contention here is, and was the theory of the prosecution in the trial court, that while the defendant in the first instance may have been guilty only of receiving stolen property knowing the same to have been stolen (Pen. Code, sec. 496), when he afterward sold that property to Rosconi, with the intent to defraud Miller & Lux of its value, he thereupon became guilty of the crime of grand larceny.

This position we think is untenable, and it was so held on the appeal of the former case. (*People* v. *Disperati*, 11 Cal. App. 469, [105 Pac. 617].) In order to constitute the crime of larceny it is essential that the accused should have taken, or aided and abetted in the taking of the property from the possession of the owner. In this case, as before stated, the defendant did not in any way participate in the original asportation of the property, and any subsequent guilty connection with the property would be insufficient to warrant a conviction of larceny. The doctrine is stated thus in 25 Cyc., page 18: "The first requisite of larceny is taking possession of goods by the thief. Taking and carrying away being essential elements of the crime of larceny, no subsequent connection with the property stolen can make one guilty of theft

who was not connected with the original taking.'' So, as has been held in this state, one who trades for stolen property, having no complicity in the taking, is not guilty of larceny, and his good or bad faith is immaterial. (*People* v. *Ward,* 105 Cal. 652, [39 Pac. 33].) In the appeal of the former case it appears that at the trial the jury was in effect instructed that though the defendant had no connection whatever with the original caption of the property, and had no knowledge of it at the time, nevertheless if he afterward received it into his possession with knowledge that the same had been stolen, and subsequently participated in the disposition of it, he was guilty of larceny. There the court said that these facts ''constitute the crime of receiving stolen property and nothing more.'' In that appeal the court quotes approvingly from *Boyd* v. *State,* 24 Tex. App. 570, [5 Am. St. Rep. 908, 6 S. W. 853], where it is said: ''The prosecution, however, being for theft, and it being absolutely essential in support of that charge to connect the defendant with the original taking to warrant his conviction, without such proof of connection any subsequent connection with the stolen animal, such as a receiver of the same, or as to the party who had illegally altered the mark or brand, would not be sufficient to warrant the conviction for theft. To inculpate a defendant as a principal offender in the crime of theft, the state must show that he had some connection with or complicity in the taking of the property. It does not suffice to prove that subsequent to the taking, and without complicity therein, but with knowledge that the property had been stolen, he aided the taker to dispose of it.'' (*People* v. *Disperati,* 11 Cal. App. 480, [105 Pac. 617].) In that case the subject here under discussion is fully covered, and the authorities cited and quoted from, so that further comment is unnecessary.

If there had been evidence in the case legally sufficient to connect the defendant with the original caption of the stock, nevertheless we would be required to hold that the trial court was in error in failing, as it did, to give the jury an instruction embracing the rule of law just discussed. As the case was submitted to the jury, they were certainly led to believe that if the defendant was in the first instance guilty of the offense of having stolen property in his possession, and subsequently, knowing that the stock had been stolen, sold it to Rosconi

with the intention to permanently deprive Miller & Lux of the same, he was guilty as charged. This, as we have just seen, was improper; and in the former appeal of this case (where, by the way, the prosecution was for stealing stock not all identical with that forming the subject of the present charge, and where possibly the evidence was sufficient to justify a conviction for larceny) the court held that it was error to refuse to give to the jury the following instruction: "The jury is instructed that if you believe that the only part that defendant took in the alleged larceny was that he, after said mules were stolen, aided or assisted the person who stole them in selling or disposing of them, or participated in the profits thereof, then he cannot be convicted of grand larceny, and in such case you will acquit the defendant." In reference to this instruction the court said that as it stated a correct principle of law, and there was evidence to which it would apply, it should have been given. In *People* v. *Del Cerro,* 9 Cal. App. 764, 768, [100 Pac. 887], which was also a prosecution for stealing livestock from Miller & Lux, the evidence justified the theory that the defendant Del Cerro had originally entered into a conspiracy to steal the property. The evidence also showed that subsequent to the theft he had the property in his possession and that he sold it. The court instructed the jury that the defendant was not on trial for receiving stolen property, and that unless they were satisfied that he was actually concerned in the commission of the larceny, or not being present advised and encouraged its commission, they should find the defendant not guilty. There, as here, the jury might have disbelieved that the defendant had anything to do with the actual stealing of the property, and yet they might have been of the opinion that his subsequent conduct in relation to the property made him guilty of larceny. The instruction in that case, therefore, was eminently proper, and for the same reason some such instruction should have been given in this case.

Receiving stolen property is not one of the crimes for which a person may be tried in any county to which the receiver thereof removes the same (Pen. Code, sec. 786); and unless there is something in the statement of defendant's counsel that prosecutions for stealing stock from Miller & Lux have become obnoxious to the citizens of Madera county, we are

at a loss to understand why the defendant was not prosecuted for receiving stolen property as was suggested in the opinion in the former case. (*People* v. *Disperati*, 11 Cal. App. 480, [105 Pac. 617].)

The judgment is reversed.

Hall, J., and Cooper, P. J., concurred.