No. 24,635.

THE STATE OF KANSAS, *Appellant,* v. H. F. AURELL, *Appellee.*

SYLLABUS BY THE COURT.

CRIMINAL PROCEDURE—*Defendant Tried and Acquitted—No Appeal by the State.* Where a defendant charged with a crime has been brought to trial, acquitted and discharged, an appeal by the state from an adverse ruling during the trial cannot be considered, since the defendant having once been in jeopardy cannot be placed on trial again and any decision that the court might make on the question would be without effect.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed February 10, 1923. Dismissed.

*Richard J. Hopkins,* attorney-general, and *Alexander S. Hendry,* county attorney, for the appellant.

*P. J. Galle, James Galle,* both of McPherson, *Ezra Branine,* and *A. E. Branine,* both of Newton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendant was prosecuted for arson. The information contained two counts, one for the burning of the building in which his stock of goods was kept, and the other for setting fire to the merchandise and contents in the building. In the trial he was acquitted on the first count, charging the burning of the building, and at the close of the evidence the court withdrew from the consideration of the jury the charge under the second count, holding that the state had wholly failed to establish by any evidence that the property at the time of the alleged fire was insured against loss by fire. The court stated that there was testimony that the property was insured and that policies of various amounts had been issued, but the nature or kind of insurance or what the property was insured against was nowhere shown. The plaintiff appeals, claiming to have reserved a question upon which the state is authorized to appeal.

May the state have an appeal where the defendant has been placed in jeopardy, acquitted, and the court no longer has jurisdiction over him? Upon the charge in the second count considerable testimony was received relating to the setting of fire to goods in the building, but the court in the end ruled that an essential element of proof was lacking, and directed the jury to give that count no further consideration.

In behalf of the state, it is contended that the evidence is preserved, that its sufficiency is a question of law which the state has reserved and which the court can determine on an appeal by the state. Within the rule laid down in *The State v. Allen,* 107 Kan. 407, 191 Pac. 476, the question is held to be one that can be reserved if the status of the case is not such as to bar further prosecution of the offense charged. If jeopardy has attached, the placing of the defendant on trial again for that offense would be putting him twice in jeopardy, which the constitution forbids. In the Allen case there had been a disagreement of the jury but the proper discharge of the jury did not operate as a bar to a further prosecution of the defendant, and a plea of jeopardy was not available to him. The reserved question in that case was not moot as the decision could be applied and used as a guide in the further prosecution of the case. Here the defendant was put upon trial, upon an information that was sufficient in form and substance, before a jury regularly impaneled and sworn, and a plea of not guilty was entered. Testimony was offered which the court held to be insufficient as to one of the counts and upon the other a verdict of acquittal was rendered. He certainly had been placed in jeopardy and therefore he cannot be retried. In the case of *The State v. Rook,* 61 Kan. 382, 59 Pac. 653, it was said:

"A uniform line of decisions has maintained the proposition that no error, however flagrant, committed by the court against the state can be reserved by it for decision by the supreme court when the defendant has once been placed in jeopardy and discharged, even though the discharge was the result of the error committed. This for the reason that the accused, having been once in jeopardy, cannot be retried, after reversal of the case, upon the state's appeal, and the questions presented, being therefore moot in their nature, will not be considered by the court." (Citing many decisions.) (p. 385.)

Any decision the court might make upon the question reserved by the state in this case would be without effect, and when a case becomes moot judicial action is at an end. The authorities are collated in *The State v. Allen,* supra, and they uniformly held that when jeopardy attaches, the defendant acquitted and discharged, and there can be no further prosecution of the offense, and no judicial action that can be taken will be effective, an appeal from a ruling in the prosecution cannot be considered.

The appeal will be dismissed.

HOPKINS, J., not sitting.