No. 28,250.

THE STATE OF KANSAS, *Appellant,* v. W. T. HENDREN, *Appellee.*

(274 Pac. 274.)

Opinion filed February 9, 1929.

*William A. Smith,* attorney-general, *Leon W. Lundblade,* assistant attorney-general, *Leo Armstrong,* county attorney, and *C. E. Rumery,* assistant county attorney, for the appellant; *Al F. Williams* and *Don H. Elleman,* both of Columbus, of counsel.

*V. J. Bowersock,* of Baxter Springs, and *F. W. Boss,* of Columbus, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by the state upon a question reserved, as authorized by R. S. 62-1703. The errors thus assigned by the state were the refusal of the trial court to permit the county attorney to indorse on the information the names of three witnesses of whom the state had recently acquired knowledge subsequent to the filing of the information, whose testimony was claimed to be material, and the sustaining of an objection to their testimony as outlined in the following offer:

"The state offers to show by the testimony of the three witnesses, whose names were furnished the defendant, other offenses alleged to have been committed by the defendant which are in no way connected with the offense for which the defendant is now being tried, except that the alleged offenses are similar in character and are used and offered by the state for the purpose of showing the intent of the defendant by such proof of other and similar offenses."

A preliminary question is submitted to this court by the defendant, who moves to dismiss the appeal because the defendant has been once in jeopardy and the question reserved is moot.

The defendant with another was charged jointly in the district court of Cherokee county with the offense of blackmailing under R. S. 21-2412 and in a second count with robbery in the third degree. This is the separate trial of the defendant Hendren before a jury on his plea of not guilty.

The first count of the information charged the defendant with sending a threatening letter by mailing it at the post office at Parsons, Kan., and through the mail regularly delivering it to one Paul Goodeagle at Baxter Springs, Kan. The statute makes it an offense where such a letter is "sent or delivered" by the defendant to another. The court will take judicial knowledge that Baxter Springs is in Cherokee county and that Parsons is in Labette county. The evidence shows that the letter was mailed by the defendants in the post office at Parsons, addressed to Paul Goodeagle at Baxter Springs, with postage prepaid, and went from Parsons by mail to the post office at Baxter Springs, and thence by rural route across the state line into Oklahoma, where Goodeagle was temporarily staying with his mother-in-law, and delivered to him there.

It is only a reasonable construction of the statute to hold that either the sending or the delivery of the letter will constitute an offense thereunder and that both are not necessary to be proved. It was the very evident purpose of the county attorney by alleging the letter was mailed at Parsons in Labette county, and that it was delivered at Baxter Springs in Cherokee county, to rely upon the delivery to constitute the offense, for by alleging the sending of it from Parsons in another county he is precluded from establishing an offense for sending it. It is now argued that the evidence shows it was written by the defendants at Baxter Springs and carried by them to Parsons, where they parted with it by depositing it in the post office, and that because it started on its journey at Baxter

Springs it can now be considered as having been "sent" from Baxter Springs; but we think not, because, as stated above, the state is precluded from now saying it was sent from a different place from that stated in the information, viz., Parsons.

The defendant very naturally at the close of the testimony by the state, with no proof of the letter being either sent from or delivered in Cherokee county, moved the court to discharge the defendant and also discharge the jury as to the first count. There was certainly merit in the motion, for the trial court was shown by the evidence to be without jurisdiction. The charge was, under this proof, brought in the wrong county or state. The court offered to send it to Labette county under the provisions of R. S. 62-1442, but the state would not consent. The motion of the defendant was then sustained and the defendant discharged and jury also discharged as to the first count. The state announced its intention to appeal, and reserved the questions, and later dismissed with prejudice the second count.

The defendant urges that the motion to discharge defendant and jury was not for want of jurisdiction but was in effect a demurrer to the sufficiency of the evidence generally to constitute an offense. Our attention is not directed to any other substantial defect or omission, and we are constrained to believe the trial court was so impressed, especially when the court suggested that it might order the venue changed and the case transferred to Labette county. From all we can gather from the record we think it was purely a question of jurisdiction and that the trial court was right in concluding that the district court of Cherokee county was without jurisdiction.

Now we reach the preliminary question of jeopardy. Has the defendant been once in jeopardy by reason of the proceedings had in Cherokee county? He entered a plea of not guilty. The jury was sworn to try the cause. It heard the evidence of the state in support of the charge alleged in the information. The court sustained the defendant's motion and discharged him and the jury on the first count. If the district court lacked jurisdiction of the offense he has not been in jeopardy. Our own statute recognizes this when it provides for a transfer of such a case any time in the trial before verdict.

"When it appears at any time before verdict or judgment that the defendant is prosecuted in a county not having jurisdiction, the court may order the venue of the indictment or information to be corrected, and direct that all the papers and proceedings be certified to the proper court of the proper

county, and recognize the defendant and witnesses to appear at such court on the first day of the next term thereof, and the prosecution shall proceed in the latter court in the same manner as if it had been there commenced." (R. S. 62-1442.)

It requires jurisdiction in order to constitute jeopardy.

"Since jurisdiction is essential to the validity of all judicial proceedings a defendant cannot be considered as put in jeopardy by a proceeding in a court that has no jurisdiction in the premises, because any judgment that might be rendered against him would be void." (8 R. C. L. 139.)

"Thus an acquittal or a conviction by a justice of the peace, a police magistrate, or other court not having jurisdiction, of the offense is not former jeopardy, and is no bar to a subsequent trial in a court which has jurisdiction. . . . An acquittal to bar another prosecution must be in the county in which the offense was committed. . . . Therefore the trial and acquittal in one county, of one charged with a criminal offense, is no bar to an indictment for the same offense in a different county unless it appears that the offense was committed in the county in which the acquittal was had. And the same is true of an acquittal in one state of a crime against the sovereignty of another." (16 C. J. 239-240.)

We have examined the cases cited by appellee in this connection, viz., *State v. Rook*, 61 Kan. 382, 59 Pac. 653; *State v. Aurell*, 112 Kan. 821, 212 Pac. 899; and *State v. Stiff*, 118 Kan. 208, 234 Pac. 700, and want of jurisdiction was not the question involved in any of them; and besides, none of them were such as would come under the provisions of our statute authorizing a transfer to the proper court. The motion of the appellee to dismiss the appeal will be overruled.

As to the questions reserved, the matter of permitting the county attorney to indorse the names of witnesses on the information during the progress of the trial is in the discretion of the court and therefore will not be held error unless there appears to be an abuse of discretion. However, as said in the opinion in the case of *State v. Cook*, 30 Kan. 82, 85, 1 Pac. 32, "as a general rule the court should allow the names of the witnesses of the state to be indorsed upon the information after the commencement of the trial, if it be important so to do." It may be that the record does not sufficiently set out the exact language of the testimony the court excluded to properly present the question of error in the exclusion of it by the trial court, but inasmuch as we are holding that the defendant has not been in jeopardy we will venture to consider the offer from the statement of its substance and note the growing tendency of the

courts to recognize as competent evidence the commission of other separate and distinct offenses of a similar kind and character for the purpose of showing the inclination, tendency and attitude of the defendant, which may tend to explain the offense charged, as was said in the rape case of *State v. Stitz,* 111 Kan. 275, 276, 206 Pac. 910. The same rule has been followed as to larceny, robbery, and many other offenses in this state when the jury is properly instructed as to the limited purpose of such evidence.

On general principles and on the very brief general statement before us as to the nature and character of the evidence offered, we are inclined to think this evidence might very properly have been admitted for a limited purpose under proper instructions.

The appeal of the state is sustained and the trial court is directed to order the venue changed and transfer the cause to the district court of Labette county under the provisions of R. S. 62-1442.