No. 30,917.

THE STATE OF KANSAS, *Appellee*, v. WILLIAM MARR, *Appellant*.

(16 P. 2d 469.)

Opinion filed December 10, 1932.

*Owen S. Samuel* and *Robert H. Hudkins*, both of Emporia, for the appellant.

*Roland Boynton*, attorney-general, *Everett E. Steerman*, assistant attorney-general, and *Joe Rolston, Jr.*, county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this action appeals from a conviction and sentence of and for being an accessory after the fact, assigning many errors especially relating to the admissibility and consideration of certain evidence and the sufficiency thereof to sustain the verdict, also the giving of certain instructions and in refusing to grant a new trial.

The information, after charging one Lowman with the crime of grand larceny by stealing sixty-seven Goodyear automobile tires in Coffey county on February 9, 1932, charged the defendant Marr, as an accessory after the fact under R. S. 21-106, with having, on or about the 11th day of February, 1932, in Wyandotte county, Kansas, unlawfully, knowingly and feloniously given aid to Lowman by assisting him in disposing of the tires by providing and finding a place for the sale of them and by tearing the wrappers and covering from them with the intent and in order that said Lowman might escape and avoid arrest, trial, conviction and punishment. The first part of R. S. 21-106 is as follows:

"Every person who shall be convicted of having concealed any offender after the commission of any felony, or of having given to such offender any other aid, knowing that he has committed a felony, with the intent and in order that he may escape or avoid arrest, trial, conviction or punishment, and no other, shall be deemed an accessory after the fact. . . ."

On the trial of this defendant the guilt of Lowman of grand larceny as charged in this information was admitted. Lowman was the principal witness for the state and testified that he met defendant Marr a few months before when they were both confined in the jail of Franklin county, Kansas, at which time he stated Marr told him that "he [Marr] could dispose of tires up there about that quantity." Lowman further testified that he took twenty-one of the sixty-seven tires to Kansas City, Kan., arriving there Tuesday evening, February 9, rented a garage and put them and the truck containing them in the garage and telephoned Marr at Atchison requesting him to join him in Kansas City, Kan., which he did the next day, and after talking awhile they went together to Kansas City, Mo., where Marr negotiated a sale for the tires and they together took them over the next morning, delivered them and collected the price for them, of which Marr received a part; that Lowman then went back to Lebo where he had hidden the remaining

forty-six tires and requested Marr to wait for his return, and that when he returned with them, on the morning of February 12, Marr met him as per agreement and they put the truck and tires in the same rented garage and locked the door. When the police came that morning and broke in the side door Marr was in the truck throwing out the tires, and Lowman was cutting off and removing the wrappers and covering therefrom. Lowman testified he told Marr the tires were stolen but did not tell him that he, Lowman, had stolen them and that he never asked Marr to aid or assist him in avoiding arrest, trial, conviction or punishment. The policeman also testified about the garage doors being locked, their having to break in and what these two men were doing with the tires when they entered and arrested them. The sheriff of Franklin county testified that Marr served a sentence in the Franklin county jail for petit larceny, being convicted of stealing a tire and a wheel of an automobile, and over the objection of defendant a certified copy of judgment and sentence thereon was introduced in evidence.

The defendant did not take the witness stand and did not introduce any testimony, but his attorney requested the court to give a peremptory instruction for his acquittal, which was denied, but after being instructed by the court the jury returned a verdict of guilty.

One of the errors urged is with reference to the evidence of what occurred on February 12, a day after the date charged in the information, and at apparent variance with the literal language of an instruction where it is stated that the defendant "stands charged with an offense committed on February 11, 1932, or within a period of two years prior thereto." The exact language of the information is "on or about the 11th day of February," but the question is settled by the statute which limits the crime not to two years prior to the date charged in the information but to two years prior to the commencement of the prosecution, which in this case was March 24, 1932. So there is no reason to distinguish between occurrences on February 11 or earlier and those on February 12. Both are within the limit of the statute.

"In all other cases prosecutions for an offense must be commenced within two years after its commission." (R. S. 62-503.)

In the case of *State v. Bisagno*, 121 Kan. 186, 246 Pac. 1001, it was said—

"It is insisted that as the date of the offense was stated in the information, it was error to instruct that evidence of the commission of the offense at an-

other or a later time might be considered. The matter of time was not material except to confine the proof to the commission of the offense within the period of time fixed by statute." (p. 187.)

Appellant urges that the evidence was more nearly such as might show the defendant to have been an accessory before the fact rather than one after the fact, regarding the principal crime as not having been finished when defendant Marr assisted. But the principal crime here charged against Lowman is not concerning the disposal of stolen goods or anything along that line, but the stealing, taking and carrying away of the tires. That, according to the evidence, was fully consummated on February 9. The sale or disposal of them is quite another thing from the grand larceny. So, with the crime of grand larceny completed on February 9, we have the evidence as to Marr having been told by Lowman that the tires were stolen, aiding him in finding a buyer for them and disposing of them, helping to remove the covering and wrappers on them in a garage with the doors locked, and failing to admit the policemen without their breaking in the door. All of these occurrences were after the commission of the crime by Lowman and were naturally and apparently for the purpose of getting the tires out of his possession to spoil the means of their being identified if Lowman should be caught or arrested for the larceny. All these circumstances and this evidence tend to prove and establish the charge of the defendant Marr being an accessory after the fact.

Serious objection was made to the introduction of the evidence as to the crime for which the defendant was convicted in Franklin county and the conversation that took place in the jail of that county. It is urged that this was not a related offense and that it could not show intent to aid an offender, but that the conversation tended to show the defendant Marr guilty of being an accessory before the fact. We think that it not only tends to show an intent to aid an offender in avoiding arrest and punishment by affording him a means of disposing of the stolen tires, but also tends to show his mental attitude, intent and knowledge along that particular line of crime, which makes it competent, even if it does show him to have been guilty of another offense.

"In a prosecution for larceny of domestic fowls, the court may, in its discretion, permit evidence of similar transactions for the purpose of proving identity of accused, to show his motive, intent, *scienter*, lack of mistake, or his plan or system of operation." (*State v. Reuter*, 126 Kan. 565, syl. ¶ 2, 268 Pac. 845.)

"On the trial of a criminal action, evidence of the commission of other similar offenses may be introduced to prove a system of criminal acts." (*State v. Collins*, 126 Kan. 17, syl. ¶ 2, 266 Pac. 937.)

"To render one an accessory after the fact the aid or assistance must have been rendered with the intention and for the purpose of enabling the felon to escape detection, arrest, etc., and statutes defining such accessories sometimes contain express provisions to such effect. A statute which provides that the aid shall have been furnished with the intent that the felon should escape, etc., 'and no other,' merely exempts from the operation of the statute instances where the aid was not furnished with the intent that the felon should escape, and where the aid was furnished with the intent that the felon should escape, the statute applies, although there was also another intent." (16 C. J. 139.)

"In a prosecution upon a charge of receiving stolen goods the defendant's knowledge of their having been stolen is sufficiently proved if from the circumstances established he must have understood that they were stolen." (*State v. Stanley*, 123 Kan. 113, syl. ¶ 4, 254 Pac. 314. See, also, *State v. Caldwell*, 131 Kan. 622, 293 Pac. 389; *State v. Minnick*, 113 Kan. 385, 214 Pac. 111; *State v. Stoy*, 117 Kan. 124, 230 Pac. 335; *State v. Frizell*, 132 Kan. 261, 295 Pac. 658; and *State v. Hendren*, 127 Kan. 497, 274 Pac. 274.)

Appellant insists that the evidence fails to establish or prove that Lowman had committed the crime of grand larceny, referring to the language of R. S. 21-106 about giving aid knowing that the offender had committed an offense, and appellant relies strongly upon the exact language of the witness Lowman in which he said he told Marr that the tires were stolen, but did not tell him by whom they were stolen. The defendant is bound to apply the surrounding circumstances to the direct knowledge he has received, and if those circumstances are such as would satisfy a man of ordinary intelligence and prudence that the one in possession of the stolen tires under these peculiar circumstances had stolen them, then it would be sufficient to charge this defendant with such knowledge. In the case of *State v. Lewark*, 106 Kan. 184, 186 Pac. 1002, the defendant was found guilty of knowingly receiving stolen goods, and it was said:

"It was not necessary to prove that he had absolute knowledge of the theft, or was advised as to from whom or when and where the larceny had taken place—merely that from the circumstances he must have understood that it was stolen, and acted on that understanding." (Syl. ¶ 4.)

"To render one liable as an accessory after the fact he must have had actual knowledge, at the time he relieved or assisted the principal, that the latter had committed a felony, . . . and such knowledge must be personal as distinguished from constructive. But it has been held that if the accused had

. actual knowledge of facts which would give him good reason to believe the person assisted to be guilty of the felony, this will be sufficient." (16 C. J. 138. See, also, *State v. Emory,* 116 Kan. 381, 226 Pac. 754.)

The circumstances, we think, were abundantly sufficient to apprise the defendant that Lowman was himself guilty of the theft of the stolen tires in his possession.

As to the prosecution being brought in Coffey county instead of Wyandotte county—the only place where Marr assisted—the statute provides that it can be maintained in either county.

"An accessory before or after the fact may be .punished in the county where he committed the offense, or in the county where the principal offense was committed." (R.¸S. 62-409.)

We find no material error in instructions 8 and 9 of which the appellant can complain, neither do .we think there was any error in overruling the motion for a new trial.·

The judgment is affirmed.