**226 P.2d 779**

**STATE v. HUSKINSON et al. (two cases).**

**Nos. 7621, 7622.**

Supreme Court of Idaho.

Jan. 18, 1951.

Pete Leguineche, Ariel L. Crowley, Boise, for appellants.

Robert E. Smylie, Atty. Gen., James W. Blaine, Pros. Atty., Boise, for respondent.

84

PORTER, Justice.

Appellants (defendants below) were convicted in Ada County at a joint trial of the crime of Grand Larceny perpetrated by stealing an automobile in Owyhee County and transporting the same into Ada County. From the judgments of conviction they have separately appealed to this court. The appeals were consolidated for hearing. Appellants have made 21 assignments of error with sub-divisions in their joint brief. We will not discuss the assignments of error separately but will consider the basic questions raised by such assignments.

Appellants urge that the trial court committed prejudicial error in the procedure followed in these cases. A complaint was filed in the justice court against the defendants jointly, charging them with grand larceny. Defendant, Huskinson, was arrested, had a preliminary hearing on July 26, 1949, and was held to answer in the district court. Defendant, Sisco, was out of the state at the time the complaint was filed in the justice court. He was later apprehended and brought before the justice court on August 30, 1949, where he waived preliminary examination and was likewise held to answer in the district court.

An amended information was filed on November 3, 1949, in Case No. 1513. This information is captioned "State of Idaho, Plaintiff v. Bert Huskinson and Jack Sisco, Defendants." It accuses only Bert Huskinson of grand larceny. However, the charging part of the information alleges that Bert Huskinson and Jack Sisco stole the automobile in question. On the same date, an information was filed in Case No. 1537. It is captioned "State of Idaho, Plaintiff v. Bert Huskinson and Jack Sisco, Defendants." It accuses only Jack Sisco of grand larceny. However, the charging part of the information alleges that Bert Huskinson and Jack Sisco stole the automobile in question.

On November 7, 1949, defendant, Huskinson, was arraigned on the amended information in Case No. 1513 and entered a plea of not guilty. Whereupon the court, upon his own motion, ordered that Case No. 1513 be consolidated for trial with Case No. 1537 and set the same for trial on November 28, 1949. On the same date, defendant, Huskinson was arraigned on the information in Case No. 1537 and entered a plea of not guilty. Whereupon the court ordered that Case No. 1537 be consolidated for trial with Case No. 1513 and again set the date for trial.

On November 25, 1949, defendant, Sisco, was arraigned in what the minutes of the court denominate "Criminals Nos. 1513 and 1537." The information (presumably in Case No. 1537) was read to him and he entered a plea of not guilty. Where-

upon the court confirmed the setting of these two cases for jury trial.

The two cases, consolidated for trial, came on for trial on November 28, 1949. The clerk read the information in Case No. 1537 to the jury, the court interrupting to state that the other information was just the same except that one said defendant, Sisco, waived his preliminary examination and the other one said that defendant, Huskinson, had a preliminary hearing. The trial proceeded and resulted in separate verdicts of guilty against each of the defendants.

It is apparent that the procedure adopted is irregular. However, both defendants were represented by counsel of their own choosing. No objection was made at any step of the proceedings as to the procedure and no objection was made to the consolidation of the cases for trial. It is apparent that both court and counsel treated the two informations as, in fact, constituting but one information charging the defendants jointly; and considered that defendants could be tried jointly or separately at the court's discretion under the provisions of Section 19-2106, I.C. It does not appear that defendants were prejudiced in any of their substantial rights by the procedure followed; and, absent objection, no reversible error resulted therefrom. State v. Salhus, 68 Idaho 75, 189 P.2d 372.

The second group of assignments of error by appellants, relates to the instructions given by the court and the instructions requested by appellants and refused. In order to understand the force of such assignments, it is necessary to look to the evidence which was submitted in the case.

The evidence offered by the state tends to show the following facts: One Walter G. Kandall and his fiancee were traveling on May 14, 1947, in a 1941 Pontiac automobile from Elko, Nevada, to the State of Washington via Mountain Home and Boise. At a point approximately 100 miles from Boise on the desert in Owyhee County, an accident occurred and the car was wrecked. Kandall and fiancee procured a ride from a passing motorist and returned to Elko. After trying for 3 or 4 days to get action from his insurance company, Kandall telephoned the Fifer Chevrolet Garage in Mountain Home to pick up the car. The garage people went to the scene of the accident but the car was gone. Thereafter, in 1949, the car was discovered in the possession of one L. E. Westbrook who had purchased the same from the Capitol Garage in Boise. The original motor number had been partially obliterated and a new motor number substituted; the serial number had been removed and the serial number from another 1941 Pontiac substituted; and the car had been repainted. The car had been advertised for sale to satisfy lien for $401.00 repair charges by the Capitol Garage, acting by defendant, Huskinson, in the Kuna Herald on May 21, 1947. The substituted motor and serial numbers were used in the ad-

vertisement. At the sale, defendant, Sisco, an employee of the Capitol Garage, purchased the car, took title in his own name and immediately thereafter transferred the same to the Capitol Garage. The car was subsequently sold to Mr. Westbrook in August, 1947.

The evidence offered on behalf of defendants tends to show the following: On the evening of Saturday, May 17, 1947, defendant, Sisco, at home after work, received a telephone call from Frank Davis, shop foreman of the Capitol Garage, requesting him to take a wrecker and pick up a wrecked car located out from Mountain Home. He was advised that there were two men at the garage who would show him the location of the car. On Sunday morning following, he procured a wrecker and went to the garage and picked up two soldiers who claimed to be the owners of the wrecked car. These two soldiers had been picked up by a passing motorist at the scene of the wreck and brought to the Capitol Garage on Saturday. Defendant, Sisco, accompanied by the two soldiers, drove 55 or 60 miles from Mountain Home on to the desert in Owyhee County where the soldiers pointed out the wrecked car. He then returned with the wrecked car and the two soldiers to the Capitol Garage. One of the soldiers gave a work order to repair the car. Defendant, Sisco, did not help repair the car and had nothing further to do with it save and except that as a matter of convenience to the garage, the title was taken in his name upon the lien foreclosure sale and he came to the Statehouse and had made the proper transfer of title.

Defendants' evidence further tends to show: The Capitol Garage was a partnership composed of defendant, Huskinson, and one Frank Davis. Huskinson ran the storage part of the garage and Davis the repair shop. Huskinson had been sick and was not at the garage on Sunday, May 18, and knew nothing of the car in question until May 21, 1949. On such date, Davis left to hunt a new location and informed, Huskinson that he could sell the old Pontiac in question to help pay the bills. Thereupon, Huskinson advertised the car for sale and proceeded thereafter as hereinbefore related.

Appellants urge that the trial court invaded the province of the jury in giving instruction No. 8 wherein the court stated: "One of the circumstances urged by the state in this case as showing the guilt of the defendants is the fact that they were in possession of and sold the car a short time after it is claimed the same was stolen." One of the material and contested issues at the trial was whether the automobile described in the informations was the same automobile sold by the Capitol Garage to Westbrook. The trial court should not have assumed as a fact in this instruction that the two cars were one and the same and that defendants had been in possession of the Kandall car.

The court gave instruction No. 10a wherein the jury was advised of the statutory right to sell personal property to satisfy an unpaid repair bill. The instruction sets out that the statute requires that 60 days must elapse after the work is done before the lien holder may proceed to sell the property. Appellants urge that such instruction gives the impression that if a person having a lien, sold the vehicle prematurely to satisfy the lien, he would be guilty of larceny and not merely of a civil conversion; and that such instruction should have been followed by an explanatory instruction such as defendant, Sisco's requested and refused instruction set forth at folios 754–755 of the transcript. It appears that the court's instruction, under the circumstances in this case, without clarification, tended to mislead the jury as to the effect of the premature lien foreclosure sale of the automobile.

Defendant, Huskinson, requested the court to give the following instruction appearing at folios 739–740 of the transcript: "The State has charged in the information that the Defendant, Bert Huskinson did take, steal and carry away, the personal property of Walter C. Kandell in Owyhee County, Idaho. It is incumbent upon the State to prove beyond a reasonable doubt that the Defendant, Bert Huskinson, did steal, take and carry away said automobile in Owyhee County. If the Defendant, Bert Huskinson's connection with said automobile was subsequent to the actual taking, stealing and carrying away of said automobile, he not having been connected with the original taking in Owyhee County, he is entitled to an acquittal." He also requested an instruction on alibi. The court refused such instructions and did not give any instruction covering the point raised by such requests. If defendant, Huskinson, did not actually participate in the alleged theft of the car or did not aid and abet or advise and encourage such theft, his later connection, if any, with the disposal of the car would not render him guilty of larceny. The rule is stated in syllabus 5 of Dismore v. State, 60 Okl.Cr. 346, 44 P.2d 894, as follows: "Where larceny has been committed and asportation has terminated, one not connected with original taking, either as principal or as aider or abetter, but who thereafter, with knowledge that property has been stolen, assists in concealing, selling, or destroying stolen property, is not guilty of larceny." See State v. Bates, 63 Idaho 119, 117 P.2d 281; Yoder v. State, 78 Okl.Cr. 36, 143 P.2d 160; State v. Marr, 136 Kan. 602, 16 P.2d 469; People v. Disperati, 11 Cal. App. 469, 105 P. 617; Id., 15 Cal.App. 120, 113 P. 889; Thornton v. State, 136 Tex. Cr.R. 560, 127 S.W.2d 197. There are cases, apparently, to the contrary. Ann. 29 A.L.R. 1031; 32 Am.Jur. 948. However, in many of such cases, asportation had not ceased or it might be inferred

from the facts that accused aided and abetted the initial taking of the property.

 It was one of the theories of the defense that defendant, Huskinson, knew nothing about the car in question until after the same was brought to the garage in Boise and the asportation of the car had ceased. "A defendant is entitled to affirmative instruction applicable to his testimony based upon the hypothesis that it is true, when his testimony affects a material issue of the case." Dismore v. State, supra. Also, State v. White, 46 Idaho 124, 266 P. 415; State v. Moultrie, 43 Idaho 766, 254 P. 520. Without approving the requested instructions, we find that it was error for the trial court to fail to properly instruct the jury in this connection.

 Defendant, Huskinson, also requested the following instruction, folio 742 of the transcript, which was by the court refused: "If you believe from the evidence that the Defendant, Bert Huskinson, had no intent to steal the car at the time it was taken, you must acquit said Defendant, Bert Huskinson, even though you should believe that he subsequently conceived the intent of appropriating it." The defendant, Sisco, requested an identical instruction which was also refused by the court. Under the circumstances disclosed by the evidence in this case, it might be found that neither of the defendants entertained an intent to steal the car at the time of the taking and that the felonious intent to appropriate the car, if any, arose after the car was in the garage in Boise. Defendant, Huskinson, contends that he never heard of the car prior to its arrival and repair; and defendant, Sisco, contends that he was merely an employee performing his duties when he brought the car from Owyhee County to Ada County. The principle is well settled that the felonious intent must exist at the time of the taking. State v. Riggs, 8 Idaho 630, 70 P. 947; State v. Hines, 5 Idaho 789, 51 P. 984. It was reversible error for the court not to instruct on this principle.

Under the disposition to be made of these cases, we deem it inappropriate to comment on the assignments of error urging the insufficiency of the evidence to sustain the convictions. The remaining assignments of error are not of sufficient gravity or merit to amount to reversible error or to warrant detailed discussion.

The judgments of conviction will be reversed and the cases remanded to the trial court for new trial.

GIVENS, C. J., TAYLOR and KEETON, JJ., and McDOUGALL, D. J., concur.