## KEIZER *v.* SEABROOK.

APPEALS—*bill of exceptions.* Unless the bill of exceptions negatives the fact of other testimony having been introduced, either expressly or by implication, this court will presume that facts were proven, without proof of which the verdict below could not have been found.

Where the bill of exceptions fails to show the grounds of an objection to testimony, this court, on appeal, can not review the ruling thereon.

NEW TRIAL.—Where it does not appear, from the bill of exceptions, that the party moving in the court below for a new trial, on the ground of newly discovered evidence, *showed* that he had used due diligence to procure the same in time for the trial, or that he will ever be able to procure the same, this court will not reverse the order of the court below, refusing a new trial.

*Error to Drew Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

T. D. W. YONLEY, for plaintiff.

The pleas interposed by the defendant below put in issue both the wrongful detention and the plaintiff's right of property, and the burden of proof is upon the plaintiff. *Patterson v. Fowler*, 22 *Ark.*, 396.

To maintain these issues the plaintiff will be held to prove that he had, at the time of the institution of the suit, a general or special property in things replevied, coupled with the right of immediate possession. *Wilson v. Royston*, 2 *Ark.*, 315; *Cox v. Morrow*, 14 *Ark.*, 603; *Dobbins v. Oswalt*, 20 *Ark.*, 622.

WHYTOCK, Special J.

This was an action of replevin, in the Drew county circuit court. It was submitted to the court, sitting as a jury, and judgment given for the plaintiff below, Seabrook, at the April term, 1866. The defendant below, Keizer, appealed to this court, and the principal cause of error assigned by him is, that the verdict is against the evidence; that the plaintiff below did not prove either a general or special property in the buggy replevied.

The bill of exceptions, in the case, has been carefully examined, with reference to the testimony produced on the trial. It discloses the fact that two witnesses were sworn on behalf of said plaintiff, and purports to set out their evidence; but, that this was all the evidence introduced on the part of the plaintiff below, is not expressly alleged, nor can we ascertain, even by implication, from the bill of exceptions, that such was the case.

It was held by this court, in *Mitchell, admr., v. Byrd & Dunn*, 7 *Ark.*, 408, and in *Moss v. The State*, 17 *Ark.*, 331, that, unless the bill of exceptions negatives the fact of other testimony having been introduced, either in express words or by necessary implication, this court will presume that facts, without proof of which the verdict below could not have been found, were proven on the trial. The cases we have cited settles this point against the plaintiff.

Another cause of error assigned, by the plaintiff, was the overruling of his objections, made at the trial, to the evidence of the witness Nolly; but the bill of exceptions does not state upon what grounds, or for what reason, the objection was interposed.

The other error complained of is, that the circuit court erred in not granting a new trial, because, as appellant alleges in his motion, "he had discovered, since the trial, that he could prove by another witness—one Ragland—that he paid him forty dollars for the blacksmith work alone, done on said buggy, and he did not know at the time of the trial that he could make such proof." If this alleged proof was material, or not cumulative, the plaintiff wholly failed to make a sufficient showing for a new trial; as he does not present facts proving that he had used any degree of diligence to procure this evidence. Nor, indeed, is it shown, in any manner, that the appellant will ever be able to produce the witness named, in court.

To adopt the language of this court, in *Borland v. Skinner*, 11 *Ark.*, 671, an authority which settles this point, "for aught that appears to the contrary, the court may have had reason to be satisfied that the witness could never be found."

We find no error in the proceedings of the circuit court, and the judgment therefore is affirmed.

Judge HARRISON, being disqualified, did not sit in this case.

Hon. JOHN WHYTOCK, Special Supreme Judge.