SILAS P. HUTCHINSON v. ANCIL K. WHITMORE.

*Trial—Objections to testimony.*

An objection to evidence by simply saying, "I object," is insufficient to form the basis of an exception to its admission.

Error to Lenawee. (Lane, J.) Argued April 11, 1893. Decided June 1, 1893.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Silas P. Hutchinson,* in *pro. per.*
*Salsbury & O'Mealey,* for defendant.

LONG, J. This is an action of trover brought against the defendant, who was the sheriff of Lenawee county, to recover the value of property seized and sold by defendant's deputy by virtue of an execution issued out of the circuit

court for that county upon a judgment against the plaintiff.

It is conceded that the judgment and all the proceedings thereunder were regular and valid, the one contention being that the property seized was exempt from levy and sale on execution, for the reason that at the time of its seizure the plaintiff—being the defendant in the execution—was a householder, and his principal business farming. The property seized consisted of certain household furniture, some clover seed and bags, canvas elevators for binders, and a sickle for binder. The judgment amounted to nearly $100, and the value of the property seized aggregated between $30 and $40. The court directed the jury, in substance, that, if they found the plaintiff was a householder, he was entitled to recover the value of the household property; and also, if the plaintiff's occupation was principally that of farming, he was entitled to recover the value of the other property taken. We think the court properly submitted all the questions of fact arising upon the trial for the consideration of the jury, and we find no error in the charge, although many assignments of error are directed to that part of the case.

Some considerable evidence was given on the trial relative to the plaintiff's business, and it is claimed by him that the court was in error in permitting defendant's counsel, upon the cross-examination of plaintiff, to go to greater lengths in the examination than the circumstances of the case or the questions involved warranted. Especial attention is directed to the following question put by defendant's counsel to the plaintiff while he was upon the witness-stand in his own behalf:

"Didn't you, on the heels of that, go right out and incumber your property with fraudulent chattel mortgages that had no basis, to cheat us out of it?"

Other questions of like import were asked and answered.

The only objection made by plaintiff's counsel was in the following form: "I object." No ground of objection is stated, so far as appears by this record. It was claimed by the defendant on the trial that the plaintiff had evaded the payment of the judgment by every means in his power by incumbering his property, and that in the trial of the present case he was attempting to show falsely that he was a householder and a farmer, while in truth and fact he was not a householder, and his principal business was not that of farming.

It is apparent that the trial court permitted the defendant's counsel to go to great lengths in the cross-examination; and, if proper objection had been made to the introduction of this evidence, the court may have been in error in permitting it. But counsel did not state any ground of objection, and no exception based upon the objection as taken can be considered. *Hoard v. Little,* 7 Mich. 470; *Stevens v. Hope,* 52 Id. 66; *People v. Durfee,* 62 Id. 491; *Merkle v. Township of Bennington,* 68 Id. 133.

We find no error in the record.

Judgment affirmed, with costs.

The other Justices concurred.