(January 18, 1905.)

## IN RE SHIRLEY JAY.

[79 Pac. 202.]

HABEAS CORPUS—DISCHARGE OF PRISONER—FILING INFORMATION—
LOSS OF COMPLAINT—PRESS OF BUSINESS—PRELIMINARY EXAMI-
NATION.

1. Under the provisions of section 8112, Revised Statutes, the
court, unless good cause to the contrary is shown, must order
the prosecution dismissed when a person has been held to answer
for a public offense where an indictment or information is not found
or filed against him at the next term of said court at which term
he is held to answer.

2. That the complaint filed with the committing magistrate had
been lost and the information of the loss not communicated to
the prosecuting attorney until about two weeks before the begin-
ning of the term of court, and press of business on the part of
the prosecuting attorney is not a "good cause to the contrary"
within the meaning of that term as used in said section.

3. Where the complaint filed by the committing magistrate has
been lost, it is not necessary to hold another preliminary exam-
ination before an information can be legally filed, and especially
is that true where the defendant waived a preliminary examina-
tion.

(Syllabus by the court.)

ORIGINAL application for writ of *habeas corpus*. Granted.

Elder & Whitla, for Petitioner, file no brief.

Thomas H. Wilson, for the State, files no brief.

SULLIVAN, J.—This is an application for a writ of *habeas
corpus*. The petition of the applicant shows that on the nine-
teenth day of April, 1904, the petitioner was committed to the
custody of the sheriff of Kootenai county and held to answer
to the charge of perjury, and his bail fixed at the sum of $5,000,
which he was unable to give, and has been confined and re-
strained of his liberty since said date by the sheriff of Kootenai
county; that the first term of the district court in and for
said county after the commitment of the petitioner, was com-

menced on the tenth day of November, 1904, and adjourned of the twelfth day of December, 1904; that no indictment was found and no information was filed in said court against said petitioner charging him with any crime whatever. It appears from the return to said writ filed by the county attorney of said county, that about two weeks prior to the commencement of said term of court he learned that the complaint filed in the justice's court against said defendant charging him with said crime had been lost or mislaid, and that he has been unable to find it, and for that reason, and on account of press of business, the county attorney has been unable to hold another preliminary examination and prepare and file an information during said term of said court. Section 8112, Revised Statutes, provides that the court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed in the following cases: 1. "When a person has been held to answer for a public offense if an indictment is not found against him at the next term of court at which he is held to answer." It is admitted that no information was filed against the petitioner at the next term of court following his commitment, but it is contended that the cause above stated, to wit, the loss of the complaint and want of time to hold a preliminary examination, is a sufficient cause to hold the defendant to answer at the next term of court. We cannot concede that contention. The defendant had been charged with a felony, and had been confined in jail from the nineteenth day of April, 1904, until after the twelfth day of December, of the same year; and during that time the district court of that county had held a term of court and had been in session for about thirty days, and we do not think the cause shown is sufficient to warrant the holding of the defendant in jail until the next term of said court.

It has been suggested that as the complaint filed before the committing magistrate had been lost, that it was necessary to hold another preliminary examination before an information could regularly be filed. There is nothing in that contention. In this case the defendant waived a preliminary examination and it was not necessary to hold a preliminary examination on

account of the loss of the complaint filed with the committing magistrate.

The defendant is therefore discharged.

Stockslager, C. J., and Ailshie, J., concur.