[Civ. No. 3614. First Appellate District, Division One.—December 24, 1920.]

## AUGUST SCHUH, Respondent, v. OIL WELL SUPPLY COMPANY (a Corporation), Defendant; R. H. HERRON COMPANY (a Corporation), Appellant.

[1] EVIDENCE — AMENDED PLEADINGS — ADMISSIBILITY OF ORIGINAL PLEADINGS.—Where a party is a witness, pleadings that have been superseded by amended pleadings are available as admissions, and for use on cross-examination for purposes of impeachment.

[2] ID.—PERSONAL INJURIES — ACTION FOR DAMAGES — DEFECTIVE APPLIANCES—ARGUMENTATIVE QUESTION.—In an action for damages for personal injuries sustained while attempting to shift a belt by which the lathe plaintiff was operating was turned, the plaintiff, on cross-examination, having testified he knew the belt was split the very instant of the accident, a further question as to why he did not allege in his original complaint that the belt was defective, was split, and that his hand was caught in there and he thereby injured, is argumentative, and an objection thereto on that ground is properly sustained.

[3] ID.—CROSS-EXAMINATION—QUESTIONS CALLING FOR INFERENCES OR ANSWERS TO ARGUMENTS.—A question on cross-examination which does not call for fact but for an inference on the part of a witness, or for an answer to an argument contained in the question itself, is properly rejected.

[4] ID. — CONDITION OF WOUND SUBSEQUENT TO ACCIDENT — CONSEQUENCES OF ACCIDENT — TESTIMONY OF PHYSICIAN — PROVINCE OF JURY.—In an action for damages for personal injuries, the testimony of a physician who examined the plaintiff about three months after the accident to the effect that he found the wound discharging both serum and pus and blood with a foul odor is competent, said physician having further testified that such condition might result when the treatment was skillful and proper; and whether or not this condition was one of the natural consequences of the accident is a question for the jury.

[5] ID.—LACK OF FOUNDATION FOR QUESTION—INSUFFICIENCY OF GENERAL OBJECTION.—When the objection to a question is upon the general grounds of incompetency, irrelevancy, and immateriality, the objection that a proper foundation had not been laid for the question will not be considered on appeal.

1. Admissibility against pleader, as admission of pleading superseded by amended pleading, note, Ann. Cas. 1913A, 1132.

[6] Id.—Manner of Shifting Belt — Custom — Negligence — Question for Jury.—In an action for damages for personal injuries sustained while attempting to shift by hand a belt which turned a lathe operated by plaintiff, it is not error to admit evidence tending to show that it was the custom of defendant's employees to shift the belt of the lathe by hand, where there is also evidence that such was the general custom and that that is a safe method; and under such circumstances, it not being obvious that to shift the belt by the use of the bare hand is negligence, it is not a question of law but one of fact for the jury.

[7] Id.—Sufficiency of Objections — Failure to State Grounds.— Where no ground of objection to the admission of evidence is stated, counsel merely saying, "I object," the objection is insufficient.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. E. Whitaker and Kemp & Clewett for Appellant.

Kuster & Salisbury and Earle H. Smith for Respondent.

KERRIGAN, J.—This is an appeal by defendant R. H. Herron Company from a judgment in favor of plaintiff in an action to recover damages for personal injuries.

The plaintiff was injured while operating a lathe in a machine-shop owned by the appellant. While operating the lathe the plaintiff, in order to make it run faster, attempted to shift the belt by which the lathe was turned, and in doing so his left hand and arm were seriously injured. The facts of the case are fully stated by Mr. Justice Shaw in the opinion rendered upon a former appeal of this case (*Schuh* v. *R. H. Herron Co.*), and which is reported in 177 Cal., at page 13, [169 Pac. 682].

There is a difference in the averments of the first and second amended complaints as to how the accident happened, and at the trial plaintiff's testimony was in accord with those of the later pleading. With reference to these changes

6. Ordinary practice or custom in performance of similar act as evidence on issue of negligence, notes, 20 **Ann. Cas.** 1205; **Ann. Cas.** 1913D, 1256.

and the contradictory accounts given by plaintiff of the cause of the accident, the appellant claims that it was denied permission to cross-examine him. [1] It is true, as asserted by the appellant, that the rule is established in this state that where a party is a witness, pleadings that have been superseded by amended pleadings are available as admissions, and for use on cross-examination for purposes of impeachment (*Schuh* v. *R. H. Herron Co.*, *supra*); but here no objection or ruling was made against the exercise of that right, nor was there any misunderstanding as to the law on the subject, for it had been stated on the former appeal in this case. [2] The objection which brought about the ruling here complained of was upon the ground that the question was argumentative, and it was sustained upon that ground alone. From the record it appears that immediately before the ruling assigned as error the plaintiff's attention had been directed to the difference between the allegations of his first and second amended complaints, and between the former and his testimony in support of the latter, and upon being asked to explain this difference he replied that he left the matter of pleading to his attorneys. Upon this reply being made the following proceedings occurred:

"Now, as a matter of fact, Mr. Schuh, was it not an afterthought of your own that the belt was split, and the fact is you did not know it was split until long after you were injured?

"The Witness: I knew it was split the very instant of my accident.

"Mr. Kemp: Then why did you not allege in your complaint that the belt was defective, was split, and that your hand was caught in there and you were thereby injured?

"Mr. Salisbury: Just a moment; we object to that as argumentative.

"The Court: Objection—very well, objection sustained. You can argue that to the jury."

As before stated, the question was argumentative, and the objection thereto on that ground was correctly sustained. [3] A question on cross-examination which does not call for a fact but for an inference on the part of a witness, or for an answer to an argument contained in the question itself, is properly rejected. (*People* v. *Harlan*, 133 Cal. 16, 21, [65 Pac. 9].) Appellant did not reframe the ques-

tion or make any attempt to follow this line of cross-examination, for the reason, doubtless, that he had already succeeded in getting before the jury the inconsistent statements.

[4] A further ruling complained of as error was the admission of the testimony of Dr. Clayton J. Hinman, who had not examined the plaintiff until about three months after his accident. The witness was asked to tell the jury in what condition he found the plaintiff's arm the first time he examined it. Over the general objection that the question was incompetent, irrelevant, and immaterial, he replied in part that plaintiff's left arm was shrunken, that he could not lay his left hand back down, that his grip was weak and that the injury was permanent. He also testified that he had found the wound discharging both serum and pus and some blood with a foul odor; that upon probing the sinus he had discovered a spicule of dead bone in there, and further testified: "I cannot say that the condition that I found was part of or resultant from any improper treatment prior to the time he came to me. I would say that sometimes we have with a fracture, as this bone had been fractured, not a good apposition of the ends. There will be portions of the dead bone come off. I always endeavor to get good apposition, but I do not always succeed." Appellant's attack on the answer of the witness is directed to that portion thereof which refers to the pus condition of the wound; and if we understand the argument, it is to the effect that the proper foundation was not laid for the question in that it was not shown that the pus condition might not have resulted from the carelessness of the plaintiff or some of his attendants. It is true that the pus condition might be the result of improper care or carelessness; but, on the other hand, the witness said that such condition might result when the treatment was skillful and proper. The evidence was competent. Whether or not this condition was one of the natural consequences of the accident was, we think, a question for the jury.

[5] But, to address ourselves to the appellant's contention that the proper foundation for this evidence was not laid, a sufficient answer to this claim is that the objection was not made upon that ground. When the objection is, as was the case here, upon the general grounds of incompetency, irrelevancy, and immateriality, the objection *that*

a proper foundation had not been laid for the question will not be considered on appeal. (*Crocker* v. *Carpenter,* 98 Cal. 418, [33 Pac. 271].)

[6] We are of the opinion that the court committed no error in permitting evidence tending to show that it was the custom of the appellant's employees to shift the belt of the lathe by hand. There is evidence in the record not only that such was the custom in the appellant's workshop, but that it was a general custom. There was also evidence to the effect that this is a safe method; that it is safer than to shift the belt by the use of a stick or tool. Under the circumstances of this case it is not obvious that to shift the belt by the use of the bare hand is negligence. It was not, therefore, a question of law, but one of fact for the jury, and it was so decided in the former appeal in this case.

[7] The appellant further complains of a ruling of the court on the admission of evidence, but the objection to the proffered testimony was placed on no specific ground, counsel merely saying, "I object." No ground of objection being stated, the rule is well settled that the objection is insufficient (*People* v. *Nelson,* 85 Cal. 428, [24 Pac. 1006]; *Hutchinson* v. *Whitmore,* 95 Mich. 592, [55 N. W. 438].) Moreover, the question called for the witness' opinion as an expert on a matter with reference to which such testimony is competent, and for that reason also there was no error in the ruling of the court.

Two certain instructions are complained of. As to the appellant's contention under this head it is sufficient to say that from a careful consideration of said instructions in connection with the record we are of the opinion that the appellant's claim of prejudicial error is not well founded.

The judgment is affirmed.

Seawell, P. J., *pro tem.,* and Richards, J., concurred.