## Ex parte THEODORE WILLIAMS.

No. A-5646. Opinion Filed July 3, 1925.
(237 Pac. 626.)

John B. Ogden, for petitioner.

PER CURIAM. On the 6th day of May, 1925, the

petitioner was arrested and placed in jail in Carter county upon a warrant charging the larceny of chickens. On the 13th of May, the petitioner was brought before the county court sitting as an examining magistrate, where he waived arraignment and pleaded not guilty and waived an examining trial. Soon after the county attorney of Carter county filed an information in the district court, charging the petitioner with the crime of larceny. The petitioner was unable to give the bail designated by the court, and since that time has been and now is confined in the county jail of Carter county to await trial on the merits.

The petitioner now claims that he is entitled to his liberty, because since the incarceration of petitioner there has been held a jury term of court in division No. 1 and in division No. 2 of the district court of Carter county, in which civil and criminal cases were tried, and that the jury has been discharged in each of said divisions, and that no other jury will be impaneled until the coming September term. Upon this showing, the petitioner applied to one of the district judges of Carter county for release by habeas corpus, which application was by the court denied. The petition on its face shows that the May term of the district court for Carter county has not yet expired. Section 2913, Comp. Stat. 1921, provides:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

It was held, in the case of Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736, that the next term of court, within the meaning of this section, is the next term of court after the accusation is filed; and, if the accusation be filed during a term, the next term means the next ensuing term.

158

The facts in this case show that no regular term has expired in the district court since the filing of the information; it is apparent that there has therefore been no "next term" within the meaning of the statute, or within the rule announced in the Eubanks Case.

The demurrer of the Attorney General is sustained, and the cause dismissed.