275 P.2d 979

Franklin SCHROM, Plaintiff,

v.

John W. CRAMER, District Judge, Tenth Judicial District of the State of Idaho, in and for the County of Idaho, Defendant.

No. 8185.

Supreme Court of Idaho.

Nov. 8, 1954.

W. C. MacGregor, Jr., Grangeville, for defendant.

Robert M. Robson, Grangeville, for plaintiff.

PORTER, Chief Justice.

On August 17, 1953, a criminal complaint was filed against plaintiff charging him with the crime of grand larceny. On September 8, 1953, a preliminary examination was held and plaintiff was bound over by the magistrate to the District Court of the Tenth Judicial District of the State of Idaho, in and for the County of Idaho, to answer to the charge of grand larceny.

The first term of the district court in Idaho County for the year 1953 commenced on March 11 and ended on October 7. The second term of said district court for 1953 was commenced on October 7 and, it is assumed by both parties, ended on April 7, 1954. On October 20, during the second term of said court for the year 1953, an information was filed against the plaintiff charging him with the crime of grand larceny. He was not brought to trial during said term of court.

At the opening of the first term of said district court for 1954, on April 7, 1954, plaintiff moved for the dismissal of the information on the ground that he had been denied a speedy trial under the provisions of Article 1, Section 13, of the Constitution and Section 19-3501, I.C. The trial judge, defendant herein, denied such motion and set the cause for trial during such term of court. Whereupon, plaintiff applied to this court for a writ of mandate to compel the dismissal of the information filed against plaintiff. An alternative writ of mandate was granted. The cause has been presented by written briefs and oral arguments and is now before us for determination.

Article 1, Section 13, of the Constitution reads in part as follows:

"In all criminal prosecutions, the party accused shall have the right to a speedy and public trial; * * *."

Section 19-3501, I.C., is as follows:

"The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found against him at the next term of the court at which he is held to answer.

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

It is the contention of plaintiff that he should have been brought to trial not later than the next term of court after he was held to answer and bound over to the district court by the committing magistrate, that is, the term of court commencing

**4**

October 7, 1953, and ending April 7, 1954. He contends that upon the expiration of such term he was entitled as a matter of law to have the information dismissed. The record does not disclose the state made any contention before the trial judge that the case had been continued for good and sufficient cause over the term wherein plaintiff claims he should have been brought to trial. No showing in this connection was made by either party. The matter was submitted to the trial court strictly as a matter of law to be determined upon an interpretation of the constitution and statutes. It thus appears that the trial judge was not called upon to determine whether the case had been continued for good cause, and his discretion in this connection was not exercised or invoked.

In addition to relying upon an interpretation of the statute, defendant, by his return to the alternative writ of mandate, alleges facts as to the proceedings of the court which do not appear in the record of the trial court, and other facts which defendant urges show justification for the delay of the trial beyond the term at which plaintiff contends he should have been brought to trial. Under our view of this case as hereinafter set out, it is unnecessary for us to determine whether we can consider such alleged facts or the counter showing of plaintiff thereto.

▮ Under constitutional provisions providing for a speedy trial, the authorities consistently hold that the term "speedy trial", being of indeterminate meaning, is subject to some construction by the legislature, and that statutes similar to our Section 19-3501, I.C., are to be read in connection with the constitutional provision and are to be given effect as a legislative definition of what constitutes a speedy trial under the constitution. In Ex parte Trull, 133 Kan. 165, 298 P. 775, on page 776, the court said:

> "It is generally held that the statutes supplement the Constitution and are to be regarded as rendering the constitutional guaranty effective and constitute a legislative definition of what is, under the circumstances named, a reasonable and proper delay in bringing an accused to trial."

See also, State v. Keefe, 17 Wyo. 227, 98 P. 122, 22 L.R.A.,N.S., 896, 17 Ann.Cas. 161; Ex parte Ford, 160 Cal. 334, 116 P. 757, 35 L.R.A.,N.S., 882, Ann.Cas.1912D, 1267; Ex parte Munger, 29 Okl.Cr. 407, 234 P. 219.

In State v. Kuhnhausen, Or., 266 P.2d 698, on page 703, the Oregon Court said:

> "There is no general principle that fixes the exact time within which a trial must be had to satisfy the requirement of a speedy trial. The term 'speedy', or its equivalent, as employed in constitutional provisions guaranteeing a speedy trial to accused persons, being a term of indeterminate meaning, permits legislative definition to some extent. Statutes providing for

5

a discharge of accused unless trial is had within a stated time after indictment, or which require an indictment or information within a stated time, are enacted for the purpose of enforcing the constitutional right, and they constitute a legislative construction or definition of the constitutional provision and must be construed fairly to the accomplishment of that end."

The Oregon Court further pointed out that the Oregon statute, similar to our Section 19–3501, I.C., was enacted in 1864 and was almost identical with the statute in force at the time the Oregon Constitution was adopted in 1857. The court then goes on to say, 266 P.2d on page 704:

"This statute constitutes the legislative construction and definition of the constitutional provision, § 10, Art. 1, Oregon Const., supra, and, to all intents and purposes, having been adopted contemporaneously with the adoption of the constitution, it must be read into and considered a part of the constitutional guaranty. State v. Swain, 147 Or. 207, 214, 31 P.2d 745, 32 P.2d 773, 93 A.L.R. 921."

Our statute was a part of the Criminal Practice Act of 1864. It was in force and effect at the time of the adoption of our constitution and has been in force at all times since. The statute and the constitutional provision as read and construed together delimit the rights of an accused to

a dismissal of an information for undue delay of trial.

■ All the authorities which have been called to our attention hold that the phrase "the next term of the court", as used in the statute, excludes the term of court then current and means the next ensuing term. And they hold such statute requires that an information or indictment must be filed against the defendant not later than the following term of court after his commitment unless good cause to the contrary be shown, and need not be filed during the current term of court. Likewise, the information or indictment having been filed during a current term of court, the defendant must be tried during the following term of court unless good cause to the contrary be shown. In Ex parte Williams, 31 Okl.Cr. 156, 237 P. 626, the court said:

"It was held, in the case of Eubanks v. Cole, 4 Okl.Cr. 25, 109 P. 736, that the next term of court, within the meaning of this section, is the next term of court after the accusation is filed; and, if the accusation be filed during a term, the next term means the next ensuing term."

In State v. Breaw, 45 Or. 586, 78 P. 896, the court held:

"The language is that the court must order the indictment dismissed if the trial has not been postponed on the application or by the consent of

the defendant, unless he is brought 'to trial at the next term of the court in which the indictment is triable, after it is found,' etc., which clearly means the next following term, and not the current one."

In State v. Kuhnhausen, supra, the court recognized this rule and, 266 P.2d on page 704, said:.

> "We have held that the constitutional and statutory provisions do not necessarily require the trial of an accused person within the term of court in which the indictment is returned. State v. Breaw, supra. But the trial must be held during the following term, unless good cause to the contrary be shown, or unless the trial is postponed upon the application of the accused or by his consent."

To the same effect are the holdings in Ex parte Munger, supra; State v. Patterson, 126 Kan. 770, 271 P. 390; State v. Fry, 131 Kan. 277, 291 P. 782. See also, 14 Am.Jur., Criminal Law, Sec. 135, p. 859.

Our court has assumed although not discussed and affirmatively decided that our statute means the defendant must be brought to trial at the next term of court after the information is filed in the absence of a continuance for good cause. In re Jay, 10 Idaho 540, 79 P. 202; In re Rash, 64 Idaho 521, 134 P.2d 420; State v. Shaw, 69 Idaho 365, 207 P.2d 540.

In the instant case the information was filed at the next term of court following the plaintiff being bound over by the committing magistrate. The motion to dismiss was made at the opening of the next ensuing term of court beginning on April 7, 1954. Under the statute, the state had this first 1954 term of court within which to bring plaintiff to trial. The trial court properly overruled the motion to dismiss and properly set the cause for trial.

The case of Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702, to which reference has been made, was decided on the ground that the accused was bound by his request for a continuance appearing in the minutes of the court, and was therefore not entitled to a dismissal. Any expressions in the opinion in such case thought to be contrary to the holding herein are dicta and will not be followed.

The petition for writ of mandate is denied and the alternative writ heretofore issued is quashed. Costs to defendant.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.