357 P.2d 656

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**John HOPPLE, Defendant-Appellant.**

No. 8850.

Supreme Court of Idaho.

Dec. 13, 1960.

May & May, Twin Falls, for appellant.

**57**

Frank L. Benson, Atty. Gen., Wm. E. Swope and Jedd G. Owens, Asst. Attys. Gen., Edward Babcock, Pros. Atty., Twin Falls, for respondent.

KNUDSON, Justice.

Appellant was charged by information filed May 4, 1959, with the crime of grand larceny committed in Twin Falls County on or about November 19, 1958, by willfully, unlawfully and feloniously stealing and taking away 15 head of ewe sheep belonging to one Shelby Williams.

The trial of the case was set to commence on June 23, 1959. On June 22, 1959, the prosecuting attorney filed a motion, supported by affidavits, for an order continuing the trial upon the ground that the sheriff of Twin Falls County had suddenly become ill and was confined in a local hospital. The motion for continuance, although opposed by appellant, was granted. On October 13, 1959, appellant filed a motion to dismiss which was heard and denied on October 22, 1959, and the trial of the case commenced on October 26, 1959. A verdict of guilty was rendered and judgment entered thereon from which this appeal is taken.

Appellant contends that the trial court abused its discretion in granting respondent's motion for continuance for the reason that the supporting affidavits did not set

forth sufficient facts to warrant a continuance. The affidavit of the senior deputy prosecuting attorney states that the sheriff James Benham (referred to as the chief witness for the prosecution) had suddenly been stricken ill with a serious kidney ailment and is confined in a local hospital; that affiant has been advised by two physicians that said witness will be incapacitated for an indeterminate number of days; that said witness would have testified as to specific exhibits, identifying them and connecting them with the defendant; to conversations had with the defendant; the identification of the sheep which are the subject of the grand larceny charge and to conversations with five other material witnesses. Although the motion was opposed by oral argument the record does not disclose any request for time within which to submit any counter-showing.

A continuance for cause is authorized by statute (I.C. § 19–3502) and this Court has consistently adhered to the rule that an application for continuance is addressed to the sound judicial discretion of the court, and its ruling will not be reversed unless such discretion is abused. State v. McClurg, 50 Idaho 762, 300 P. 898; State v. Hoagland, 39 Idaho 405, 228 P. 314; State v. McMahon, 37 Idaho 737, 219 P. 603; Schrom v. Cramer, 76 Idaho 1, 275 P.2d 979.

Appellant also contends that by reason of the continuance he was deprived of his constitutional right to a speedy trial and that he was prejudiced as the result of the absence, at the trial, of a witness whose name was endorsed on the information. There is no showing that any attempt was made by appellant to take the deposition of such witness and appellant at no time applied for a continuance by reason of his inability to compel the attendance of such witness at the trial.

Under the provisions of Sec. 13, Art. 1, Idaho Constitution, the defendant is entitled to a speedy trial, however, such right is directed against arbitrary and oppressive delays. If there is good cause to continue the trial of the case beyond the next term of the court the requirement has been met. In re Rash, 64 Idaho 521, 134 P. 2d 420; State v. Eikelberger, 71 Idaho 282, 230 P.2d 696. The record fails to show any abuse of discretion by the trial court in granting the continuance.

Appellant's motion to dismiss was made on the ground "that he had been denied due process of law in that he has not had a speedy trial". Said motion was properly denied.

Appellant assigns as error the action of the trial court in sustaining objections to questions propounded to appellant upon direct examination regarding his intentions as to the sheep involved at the time he locked them in his corral. The record discloses that the court sustained objections

to at least four of such questions upon the ground that the answers would be immaterial or that the questions called for a self-serving statement. The four questions are as follows:

1. "Q. When you locked the sheep in the corral on the morning of the 24th, what were you going to do with them?"

2. "Q. What did you intend to do with those sheep then?"

3. "Q. Well, when you locked them up in the corral on the 24th did you intend to keep them away from Mr. Williams entirely?"

4. "Q. Let me ask you this now: When did you conceive the idea of selling those to anybody?"

Appellant testified that for a short time prior to and during the time it is alleged that appellant committed the offense charged, some sheep belonging to Mr. Williams were being pastured on land adjacent to appellant's; that on the morning of November 23rd appellant drove approximately 75 or 80 head of said sheep off his pasture land; that on the morning of November 24th there were approximately 100 sheep on his premises and while he was in the process of driving them from his field 15 of them ran up a lane and into appellant's corral and he closed the corral gate on them. The foregoing mentioned testi-

mony of appellant is uncontradicted. Appellant further testified as follows:

"Q. When you locked those sheep up did you think you had a right to lock them up?

"A. I did.

"Q. Why do you say that?

"A. Anytime that something is on your property you can lock it up and put it in your corral, like these sheep were tromping on my cattle feed. I have a right to get them off the feed."

It is apparent from the record that appellant was denied repeated attempts to explain to the court and jury what his intention was when he came into possession of the sheep involved.

Our penal code (I.C. § 18–114) provides that "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." Under the offense charged in this case the intent of appellant to steal is in issue. It would be difficult to define a rule governing the exact latitude to be allowed on examination of those accused of crime while testifying, however, we think the great weight of authority supports the view that the accused must be permitted, on direct examination, to explain his conduct and declarations as he has testified to them, or as they have been described by other witnesses. He must be

permitted fully to unfold and explain his actions, and to state the motive which he claims prompted them. Wherever the motive, intention or belief of an accused is relevant to the issue it is competent for such person to testify directly upon that point and if there is any reason to suspect his candor, the jury may make all the allowance called for by his position and demeanor. The question as to what the appellant believed and intended was one of fact to be submitted to and determined by the jury. State v. Jones, 25 Idaho 587, 138 P. 1116; State v. Givens, 28 Idaho 253, 152 P. 1054; State v. Johnson, 26 Idaho 609, 144 P. 784; State v. Sawyer, 54 Utah 275, 182 P. 206; State v. Asal, 79 Mont. 385, 256 P. 1071; State v. Miller, 137 Or. 218, 2 P.2d 8; People v. Becker, 137 Cal. App. 349, 30 P.2d 562; Cawley v. State, 96 Okl.Cr. 53, 248 P.2d 273; People v. Morley, 89 Cal.App. 451, 265 P. 276.

▮ In the instant case if the jury believed from the evidence that the defendant had no felonious intent to steal the sheep at the time they came into his possession he would not be guilty of larceny even if he subsequently conceived the intent to appropriate them. The principle is well settled that the felonious intent must exist at the time of the taking. State v. Huskinson, 71 Idaho 82, 226 P.2d 779; State v. Riggs, 8 Idaho 630, 70 P. 947; State v. Hines, 5 Idaho 789, 51 P. 984. In the case

of State v. Givens, supra, this Court held that it was reversible error in the trial court to prevent the appellant from explaining any and all acts done by him with reference to the offense charged. It is clear that appellant in the instant case was likewise prevented from explaining his acts and intentions and we therefore conclude that such denial is reversible error.

Appellant contends that the trial court erred in permitting the witness Helms to testify regarding a conversation which took place between appellant and a Mr. Klimes in the presence of the witness Helms. Such contention is not argued by appellant and is clearly without merit.

Appellant claims that the court erred in permitting the sheriff to relate a conversation had with appellant on the 25th of January, 1959, at appellant's place. No objection was made when the testimony was being given and no motion was made to strike such evidence. This assignment is likewise without merit.

▮ Appellant assigns error to the court's action in permitting, over appellant's objection, the sheriff to relate a conversation he had with appellant on April 14, 1959, in the sheriff's office. No objection was made until after a substantial part of the requested conversation had been related by the sheriff. The objec-

tion then made and the ruling thereon is as follows:

"Mr. May: I object. If he said anything, this would come under admissions or confessions.

"The Court: I think that is exactly right, Mr. May. It does.

"Mr. May: There is a formality connected with it.

"The Court: That doesn't make it nonadmissible. Objection overruled."

The objection to the proffered testimony is insufficient since no ground for objection was stated. Schuh v. Oil Well Supply, 50 Cal.App. 588, 195 P. 703; Machomich Mercantile Co. v. Hickey, 15 Ariz. 421, 140 P. 63; Hutchinson v. Whitmore, 95 Mich. 592, 55 N.W. 438. However, notwithstanding the insufficiency of the objection, we deem it proper to point out that the sheriff testified that prior to the conversation had with appellant he (the sheriff) advised the appellant as follows: "I advised him of his rights, that he didn't have to tell me anything if he didn't want to."

█ It is the rule in this state that admissions of the accused whether made before or after arrest are admissible without a preliminary showing that they were voluntarily made. State v. Bock, 80 Idaho 296, 328 P.2d 1065; State v. Johnson, 74 Idaho 269, 261 P.2d 638; State v. Campbell, 70 Idaho 408, 219 P.2d 956; State v. Wilson, 51 Idaho 659, 9 P.2d 497.

█ Appellant complains that State's Ex. E. (which is an admission written, dated and signed by appellant) was admitted in evidence. However the record shows that when counsel for appellant was asked by the court if he had any objection to its admission, counsel stated "No, there is no objection". In connection with said Ex. E. it should also be noted that there is no evidence whatever that appellant's admission (Ex. E.) "was obtained by fear of punishment and of some hope of reward". Each of appellant's last mentioned contentions is without merit.

Appellant's assignments of error relative to the instructions, both given and requested, have been considered and we find no error in the trial court's ruling thereon.

The judgment is set aside and the cause remanded with directions to the trial court to grant a new trial.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.